# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TELLY RAY RANZENBERGER,<br><br>        Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. C 17-09-MWB<br>(No. CR 16-42-MWB)<br><br>**OPINION AND ORDER REGARDING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255** |

_____

On July 19, 2016, petitioner Telly Ray Ranzenberger pleaded guilty to conspiracy to manufacture an unspecified quantity of methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. At sentencing on November 30, 2016, I granted Ranzenberger's motion for a downward variance and sentenced Ranzenberger to 60 months of imprisonment.

On February 1, 2017, Ranzenberger filed a *pro se* document, which I construed as a Motion Pursuant To 28 U.S.C. § 2255, challenging his conviction as "multiplicitous" and alleging that his counsel was ineffective for failing to argue that flaw. In an Initial Review Order, filed February 15, 2017, I concluded that summary dismissal was not appropriate, directed the appointment of counsel for Ranzenberger, and directed the respondent to file an answer or motion. The respondent filed an Answer on April 12, 2017, and I set a briefing schedule on the merits of Ranzenberger's claim. On July 25, 2017, Ranzenberger's court-appointed § 2255 counsel filed a Motion To

Withdraw with an "*Anders* brief,"[1] explaining that counsel had been unable to find a way to make an argument in support of Ranzenberger's claims based on "multiplicity." By Order filed August 3, 2017, I granted Ranzenberger's counsel leave to withdraw. On August 25, 2017, the respondent filed its brief on the merits arguing that Ranzenberger's claims are procedurally defaulted and without merit.

As I have repeatedly explained, § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). However, where an issue *was* raised, considered, and rejected on the merits on direct appeal, "it may not be raised in a motion for post-conviction relief under 28 U.S.C. § 2255 or § 2241." *United States v. Rhodes*, 730 F.3d 727, 731 (8th Cir. 2013). Also, where a claim was *not* raised on direct appeal, it is "procedurally defaulted," so it generally may not be raised in a § 2255 motion. *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014).

A petitioner may overcome "procedural default" from failure to raise a claim on direct appeal, however, if the petitioner establishes both "'cause for the procedural default and actual prejudice resulting from the error.'" *Id*. (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996), in turn citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "'Absent unusual circumstances, a showing of ineffective

---

[1] An "*Anders* brief" concedes the absence of issues with any merit, pursuant to *Anders v. California*, 386 U.S. 738 (1967).

2

assistance of counsel satisfies both cause and prejudice.'" *Id*. (quoting *Apfel*, 97 F.3d at 1076)). Indeed, "ineffective assistance of counsel" claims are not procedurally defaulted when brought for the first time pursuant to § 2255. *Massaro v. United States*, 538 U.S. 500, 508 (2003). The Eighth Circuit Court of Appeals has also expressly recognized that a claim of "ineffective assistance of counsel" should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, to the extent that Ranzenberger's § 2255 counsel has briefed a claim of ineffective assistance of trial counsel, concerning "multiplicity" in Ranzenberger's conviction, that claim is properly and timely presented in these § 2255 proceedings.

The respondent (and Ranzenberger's counsel) are correct, however, that there is no merit to Ranzenberger's claims that his conviction was "multiplicitous" or that his counsel was ineffective in failing to raise such a claim. The Eighth Circuit Court of Appeals has long recognized that trial counsel's failure or refusal to advance a meritless argument cannot constitute ineffective assistance. *See, e.g., Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994); *accord Thai v. Mapes*, 412 F.3d 970, 978 (8th Cir. 2005) ("In our view, [the petitioner's] claim fails because [the petitioner] cannot show that his counsel performed deficiently by failing to raise a meritless argument."). Ranzenberger's claims based on "multiplicity" are meritless.

First, as one of the cases on which Ranzenberger explains, "'An indictment which charges a single offense in multiple counts is multiplicitous.'" *United States v. Christner*, 66 F.3d 922, 927 (8th Cir. 1995) (quoting *United States v. Rimell*, 21 F.3d 281, 287 (8th Cir.), *cert. denied*, 513 U.S. 976 (1994)). Ranzenberger was charged in a single-count indictment with a conspiracy offense, so there is no possibility of "multiplicity." Moreover, even liberally construing Ranzenberger's *pro se* Motion to assert "duplicity,"

3

as the respondent suggests, his claim is without merit. As the Eighth Circuit Court of Appeals has explained,

> Under *[United States v.] Lueth*, [807 F.2d 719, 732–34 (8th Cir.1986),] the government can prove its case in the disjunctive where the indictment alleges, in the conjunctive, that the defendant committed the same offense (conspiracy to distribute controlled substances) in more than one way (by selling cocaine and by selling marijuana). 807 F.2d at 733–34. In this context, indicting in the conjunctive does not render a charge duplicitous. *See [United States v.] Moore*, 184 F.3d [790,] 793 [(8th Cir.1999)] ("Enumerating the controlled substances did not render count I duplicitous."), citing *Lueth*, 807 F.2d at 734.

*United States v. Spencer*, 592 F.3d 866, 875 (8th Cir. 2010). It is even more obvious that the conspiracy charge against Ranzenberger was not duplicitous: It charged a *single* offense, conspiracy to manufacture a controlled substance, and *only one way* to commit that offense, by manufacturing methamphetamine. *Compare Spencer*, 592 F.3d at 875. The fact that the offense Ranzenberger was charged with *conspiring* to commit, in violation of 21 U.S.C. § 846, was a manufacturing offense defined by 21 U.S.C. § 841(a)(1), and that the maximum penalty for such a conspiracy, involving an unspecified quantity of methamphetamine mixture, was defined by 21 U.S.C. § 841(b)(1)(C) did not make the conspiracy charge "duplicitous." Any argument by trial counsel to the contrary would have been meritless, so that trial counsel was not ineffective. *Rodriguez*, 17 F.3d at 226 (8th Cir. 1994); *accord Thai*, 412 F.3d at 978.

Furthermore, I conclude that Ranzenberger has failed to make a substantial showing that the conclusion that his claims based on "multiplicity" (or "duplicity") are frivolous or meritless is debatable among reasonable jurists, that a court could resolve any of the issues raised in that motion differently, or that any question raised in his Motion deserves further proceedings. Consequently, a certificate of appealability is

denied as to any argument or contention in Ranzenberger's Motion. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

THEREFORE,

1. Petitioner Telly Ray Ranzenberger's February 1, 2017, *pro se* Motion (docket no. 1), construed as a Motion Pursuant To 28 U.S.C. § 2255, is **denied in its entirety**;

2. This matter is **dismissed in its entirety**; and

3. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 25th day of October, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA